1   HOWARD L. MAGEE (State Bar No. 185199)
    hmagee@diversitylaw.com
2   LARRY W. LEE (State Bar No. 228175)
3   lwlee@diversitylaw.com
    **DIVERSITY LAW GROUP, A Professional Corporation**
4   444 S. Flower Street, Suite 1370
    Los Angeles, California 90071
5   (213) 488-6555 telephone
6   (213) 488-6554 facsimile

7   Attorneys for Defendants
    Herrick Corporation dba Stockton Steel
8   and John Fitzhugh

9               UNITED STATES DISTRICT COURT

10  **FOR THE EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION**

11

12

13  JOYCE TUHN,                          )   Case No. _____
                                         )
14          Plaintiff,                   )   **DEFENDANTS  HERRICK**
                                         )   **CORPORATION DBA STOCKTON STEEL**
15      vs.                              )   **AND JOHN FITZHUGH'S REMOVAL OF**
                                         )   **ACTION UNDER 28 U.S.C. § 1331**
16  HERRICK & CO., INC.; HERRICK         )   **(FEDERAL QUESTION)**
17  CORPORATION dba STOCKTON STEEL;      )
    JOHN FITZHUGH, and DOES 1- 25,       )
18                                       )   Action Filed:   January 18, 2011
            Defendants.                  )   Trial Date:
19                                       )
                                         )
20                                       )
                                         )
21                                       )
                                         )
22

23

24

25

26

27

28

                              **1**
          **DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331**

TO THE CLERK OF THE ABOVE-ENTITLED DISTRICT COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331 and 1441(a)&(b), Defendants Herrick Corporation dba Stockton Steel and John Fitzhugh ("Defendants") hereby remove to this District Court the state court action filed by Plaintiff Joyce Tuhn ("Plaintiff") described below.

1.      On January 18, 2011, a civil action was commenced in the Superior Court of the State of California in and for the County of San Joaquin (the "Superior Court"), entitled Joyce Tuhn, *Plaintiff, vs. Herrick & Co., Inc.; Herrick Corporation dba Stockton Steel; and John Fitzhugh; and Does 1 - 25, Defendants*, as Case Number 39-2011-00256687-CU-OE-STK (the "Action").  True and correct copies of the Summons issued by the Superior Court and the Complaint filed by the Plaintiff in this Action are attached hereto as Exhibit "A".

2.      Defendant Herrick Corporation was served with the Summons and Complaint through its agent for service of process, CT Corporation Systems, on January 27, 2011.

3.      Defendant John Fitzhugh was served with the Summons and Complaint on January 27, 2011.

4.      Defendants Herrick Corporation and John Fitzhugh answered the Complaint in the Superior Court on February 24, 2011.  A true and correct copy of the Answer is attached hereto as Exhibit "B".

5.      This Action is a civil action of which this District Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by the defendants pursuant to the provisions of 28 U.S.C. § 1441(a) & (b) in that the Action arises under federal law, Title VII of the Civil Rights Act of 1964 ("Title VII"), 29 U.S.C. § 2000e, et seq.  (*See* Complaint, First Cause of Action.)

6.      This District Court has supplemental jurisdiction under the state law claim for discrimination in the Complaint pursuant to the provisions of 28 U.S.C. § 1367(a) because the state law claim arises from the same nucleus of operative facts and is closely related to the federal claim in the Complaint that they may be said to "form part of the same case or controversy under Article III of the United States Constitution".  *See* United Mine Workers v.

DIVERSITY LAW GROUP
A PROFESSIONAL CORPORATION

1   Gibbs (1966) 383 U.S. 715, 725 (removal is proper where the state and federal claims arose

2   from a "common nucleus of operative facts" such that a plaintiff "would ordinarily be expected

3   to try them all in a single judicial proceeding"). Here, both of Plaintiff's claims stem from her

4   termination and allegations of sexual harassment in violation of Title VII and the California Fair

5   Employment and Housing Act, California Government Code § 12900 *et seq.*

6       7.      Removal of this Action to this District Court has been made within thirty (30)

7   days of the service of the Complaint on the first defendant served (i.e., within thirty (30) days of

8   January 27, 2011) and, therefore, this Removal is timely.

9       8.      A copy of all pleadings, process and orders served on the Defendant Herrick

10   Corporation and Defendant John Fitzhugh are attached to this Notice of Removal. The

11   Summons and Complaint is attached as Exhibit "A". The Notice of Case Assignment and

12   Scheduling Information and Notice of Hearing and attachments thereto that were also served on

13   Defendants Herrick Corporation, and John Fitzhugh are attached as Exhibit "C".

14

15   DATED: February 25, 2011          DIVERSITY LAW GROUP, A Professional Corporation

16

17                                     By: _Howard L. Magee_

18                                         Howard L. Magee
                                           Attorneys for Defendants
19                                         HERRICK CORPORATION AND JOHN
                                           FITZHUGH
20

21

22

23

24

25

26

27

28

**3**

**DEFENDANTS' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1331**

DIVERSITY LAW GROUP
A PROFESSIONAL CORPORATION

# EXHIBIT A

## SUMMONS
### (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Herrick & Co., Inc.; Herrick Corporation dba Stockton Steel; John
Fitzhugh, and DOES 1-25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Joyce Tuhn

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED

11 JAN 18 AM 11: 57

ROSA JUNQUEIRO, CLERK

BY _____
DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stockton Superior Court

222 E. Weber Avenue
Stockton, CA 95202

**CASE NUMBER:**
39-2011-00256687-CU-OE-STK

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael F. Babitzke, Esq 6 S. El Dorado Street #305, Stockton, CA 95202 (209) 465-5722

| DATE: JAN 18 2011 | ROSA JUNQUEIRO | Clerk, by _____ , Deputy |
|---|---|---|
| *(Fecha)* | | *(Secretario)*   *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify):* HERRICK CORPORATION DBA STOCKTON STEEL

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
        [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
        [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
        [ ] other *(specify):*
4. [ ] by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Michael F. Babitzke, Esq. - SBN 50048
Michael F. Babitzke, Inc.
6 South El Dorado Street, Suite 305
Stockton, California 95202
Telephone: (209) 465-5722
Facsimile: (209) 465-0714

Attorney for Plaintiff,
Joyce Tuhn

FILED

BY

DEPUTY

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

### STOCKTON BRANCH

JOYCE TUHN,

         Plaintiff,

vs.

HERRICK & CO., INC.; HERRICK
CORPORATION dba STOCKTON
STEEL; JOHN FITZHUGH, and DOES
1-25,

         Defendants.

CASE NO. 39-2011-00256687-CU-OE-STK

**COMPLAINT FOR DAMAGES**

### GENERAL ALLEGATIONS

1.    The acts and/or failures to act as hereinafter alleged all occurred within the County of San Joaquin; State of California;

2.    Plaintiff was physically present on the premises of Stockton Steel when the acts complained of occurred;

3.    Herrick Corporation is a corporation organized pursuant to the general corporate laws of the State of California. It does business under the name of Stockton Steel;

4.    Herrick & Co., Inc. is a corporation organized pursuant to the general corporate laws of the State of California with it's principal place of business in the County of San Joaquin; State of California. Both Herrick &

1

Co. Inc. and Herrick Corporation do business as Stockton Steel and will hereinafter referred to as Stockton Steel;

5.   DOES 1-25 are fictitiously named defendants who are in some fashion liable for the acts and/or failures to act as hereinafter alleged. Plaintiff prays leave to amend this complaint with appropriate charging allegations upon ascertaining the true identity, capacity and basis of liability of such fictitiously named defendants;

6.   At all relevant times hereto each defendant was acting within the course and scope of agency of each other defendant and was acting with authorization and authority;

7.   John Fitzhugh is an individual who has at all relevant times been employed by Stockton Steel;

8.   Plaintiff was employed by Stockton Steel since approximately 1984 until September 12, 2008;

9.   At all relevant times, plaintiff properly performed her duties and services without complaint by any defendant;

10.   Within the two year period prior to September 12, 2008 John Fitzhugh engaged in a pattern of discriminatory behavior which behavior was designed to and did in fact embarrass, humiliate, upset, damage and hinder plaintiff. The behavior consisted of physical acts such as throwing a coffee can of water into plaintiff's face and laughing about it, mental acts such as referring to plaintiff as "bitch secretary", unwelcome touching, unwelcome comments about plaintiff, including but not limited to plaintiffs breasts, making up fabrications about plaintiff, making misstatements of facts about plaintiff to other company personnel, all of which together with other acts as will be shown according to proof constituted an intolerable pattern of harassment, and a hostile work environment;

2

11.  Stockton Steel accepted, approved, and ratified the actions of John Fitzhugh and as of the filing of this complaint continues to employ John Fitzhugh and ratified the wrongful actions of Fitzhugh;

12.  Ultimately, on September 12, 2008 without cause plaintiff was fired from Stockton Steel;

13.  On or about November 6, 2008 plaintiff filed with the Equal Opportunity Commission a complaint.  A true and correct copy of this complaint is attached as **Exhibit A** and incorporated in full by this reference.  The charges were presented to the EEOC were submitted to the Department of Employment and Fair Housing on or about January 24, 2009 and labeled a continuing action for sex retaliation.  A true and correct copy of said charge is attached hereto and marked as **Exhibit B** and incorporated in full by this reference;

14.  On February 9, 2009 plaintiff received the right to sue letter from the Department of Employment and Fair Housing which is attached hereto and marked as **Exhibit C** and incorporated in full by this reference.  Said right to sue letter attached as Exhibit C expressly provides that pursuant to Government Code §12965(d)(1) the one year period to bring suit was tolled during the pendency of the EEOC's investigation of the complaint;

15.  On or about October 29, 2010 the EEOC closed plaintiffs claim and ceased the investigation of plaintiffs claim and gave notice to plaintiff that she had 90 days to file any lawsuit pursuant to federal law.  A true and correct copy of said notice is attached hereto and marked as **Exhibit D** and incorporated in full by this reference;

16.  By reason of the fact that the EEOC investigation was not completed until October 29, 2010 plaintiff is eligible to file under both federal and state law;

3

17. Plaintiff has not been able to secure employment of any significance from and after September 12, 2008. As a direct and proximate result thereof plaintiff has been damaged by loss of wages in an amount which will be shown according to proof;

18. Plaintiff anticipates that she will continue to lose wage income as she is now 56 years of age, does not have a high school diploma and will have difficulty finding employment in the adverse job market that is found today;

19. Plaintiff has suffered emotional distress damages as will be shown according to proof;

20. Plaintiff has engaged the services of Michael F. Babitzke and will incur reasonable attorneys fees as will be shown according to proof;

21. Plaintiff complained of the activities set forth in this complaint to management of Stockton Steel to no avail and indeed after such complaints were lodged the pattern and intensity of discrimination and hostility increased;

## FIRST CAUSE OF ACTION

### (Violation of Title V11 of Civil Rights Act of 1964 as Amended)

22. Plaintiff incorporates all of the general allegations set forth above as fully as if set forth herein;

23. The acts and failures to act as hereinabove alleged constitute a violation of title VII of the Civil Rights Act of 1964 as amended;

WHEREFORE plaintiff prays for relieve as set forth below:

## SECOND CAUSE OF ACTION

### (Violation of the FEHA)

24. Plaintiff incorporates by reference all of the general allegations and first cause of action as fully as if set forth herein;

25. The acts and failures to act as hereinabove alleged constituted a violation

4

of the FEHA;

WHEREFORE plaintiff prays for relief as set forth below:

1. For back pay and front pay as shown according to proof and as permitted by law;

2. For emotional distress damages;

3. For reasonable attorneys fees;

4. For such other and further relief that this Court deems proper and just.

DATED:   January _18_, 2011

Respectfully submitted,

_Michael F. Babitzke_
Attorney for Plaintiff,
Joyce Tuhn

5

**EXHIBIT A**

## EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## INTAKE QUESTIONNAIRE

Please immediately complete the entire form and return it to the U.S. Equal Employment Opportunity Commission ("EEOC"). REMEMBER, a charge of employment discrimination must be filed within the time limits imposed by law, generally within 180 days or in some places 300 days of the alleged discrimination. Upon receipt, this form will be reviewed to determine EEOC coverage. Answer all questions as completely as possible, and attach additional pages if needed to complete your response(s). If you do not know the answer to a question, answer by stating "not known." If a question is not applicable, write "n/a." Please Print.

**1.   Personal Information**

Last Name: _Tuhn_   First Name: _Joyce_   MI: _A_

Street or Mailing Address: _Po Box 5091_   Apt Or Unit #:

City: _Stockton_   County: _San Joaquin_   State: _Ca_   ZIP: _95205_

Phone Numbers: Home: ( _209_ ) _466-2013_   Work: (   ) _N/A_

Cell: ( _209_ ) _922 8613_   Email Address: _N/A_

Date of Birth: _6-21-54_   Sex: Male ☐   Female: _X_   Do You Have a Disability? Yes ☐ No ☒

Please answer each of the next three questions. i. Are you Hispanic or Latino?   Yes ☐   No ☒

ii. What is your Race? Please choose all that apply.   ☐ American Indian or Alaska Native   ☐ Asian

☐ Black or African American   ☐ Native Hawaiian or Other Pacific Islander   ☒ White

iii. What is your National Origin? _Not Known (California)?_

Provide The Name Of A Person We Can Contact If We Are Unable To Reach You:

Name: _Randy Siskoff_   Relationship: _Friend_

Address: _____   City: _Stockton_   State: _Ca_ Zip Code: _____

Home Phone: ( _209_ ) _952 3830_ Other Phone: ( _209_ ) _518-9794_

I believe that I was discriminated against by the following organization(s): (Check those that apply)

Employer _X_   Union ____   Employment Agency ____   Other (Please Specify) _Foreman_

**2.   Organization Contact Information**

Organization #1 Name: _Stockton Steel (Herrick Corp)_

Address: _3003 Hammer Ln_   County: _San Joaquin_

City: _Stockton_   State: _Ca_ Zip: ____   Phone: ( _209_ ) _956-4751_

Type of Business: _Steel fab_   Job Location if different from Org. Address: _____

Human Resources Director or Owner Name: _Richard Barbour_   Phone: ( _209_ ) _956 4751_

Number of Employees in the Organization at All Locations: Please Check (√) One

Less Than 15 ☐   15 - 100 ☐   101 - 200 ☐   201 - 500 ☐   More 500 ☒

Organization #2 Name: _____

Address: _____   County: _____

City: _____   State: ____ Zip: ____   Phone: (   )

**Type of Business:** _____  Job Location if different from Org. Address: _____

**Human Resources Director or Owner Name:** Richard Barbour  Phone: 209 9564751

**Number of Employees in the Organization at All Locations: Please Check (√) One**

Less Than 15 ☐   15 - 100 ☐   101 - 200 ☐   201 - 500 ☒   More 500 ☒

3. **Your Employment Data (Complete as many items as you can)**

Date Hired: 11-14-84   Job Title At Hire: Helper

Pay Rate When Hired: 7.50 hr   Last or Current Pay Rate: 19.73 Per hour

Job Title at Time of Alleged Discrimination: Journey man Layout

Name and Title of Immediate Supervisor: Derric Juano

If Applicant, Date You Applied for Job _____ Job Title Applied For _____

4. **What is the reason (basis) for your claim of employment discrimination?**

*FOR EXAMPLE, if you are over the age of 40 and feel you were treated worse than younger employees or you have other evidence of discrimination, you should check (√) AGE. If you feel that you were treated worse than those not of your race or you have other evidence of discrimination, you should check (√) RACE. If you feel the adverse treatment was due to multiple reasons, such as your sex, religion and national origin, you should check all three. If you complained about discrimination, participated in someone else's complaint or if you filed a charge of discrimination and a negative action was threatened or taken, you should check (√) RETALIATION.*

Race ☐   Sex ☒   Age ☐   Disability ☐   National Origin ☐   Color ☐   Religion ☐   Retaliation ☐   Pregnancy ☐

Other reason (basis) for discrimination (Explain). _____

5. **What happened to you that you believe was discriminatory?  Include the date(s) of harm, action(s) and include the name(s) and title(s) of the persons who you believe discriminated against you. (Example: 10/02/06 - Written Warning from Supervisor, Mr. John Soto)**

A) Date: Aug 2007  Action: my foreman threw a Coffee Can of Water in my face and Laughed.

Name and Title of Person(s) Responsible: John Fitzhugh

B) Date: Aug 2008  Action: He referred to me as his "Bitch Secretary" on more than one occasion

Name and Title of Person(s) Responsible: John Fitzhugh

Describe any other actions you believe were discriminatory.

(Attach additional pages if needed to complete your response.)

3

6. What reason(s) were given to you for the acts you consider discriminatory?  By whom?  Title?

7. Name and describe others who were in the same situation as you.  Explain any similar or different treatment.
Who was treated worse, who was treated better, and who was treated the same?  Provide race, sex, age,
national origin, religion, and/or disability status of comparator if known and if connected with your claim of
discrimination.  Add additional sheets if needed.

| Full Name | Job Title | Description |
|---|---|---|
| 1. Veune Khenkhamphanh | Checker | Attached Letter |
| 2. Benjamin Mesa | Mech opp | attached letter |
| 3. Jose Avina | Welder | attached letter |

Answer questions 8-10 only if you are claiming discrimination based on disability.  If not, skip to
question 11.

8. Please check all that apply:

☐ Yes, I have an actual disability

☐ I have had an actual disability in the past

☐ No disability but the organization treats me as if I am disabled

9. If you are alleging discrimination because of your disability,  what is the name of your disability?  How does
your disability affect your daily life or work activities, e.g., what does your disability prevent or limit you from
doing, if anything?  (Example:  lifting, sleeping normally, breathing normally, pulling, walking, climbing,
caring for yourself, working, etc.).

10. Did you ask your employer for any assistance or change in working condition because of your disability?

Yes ☐   No ☐

Did you need this assistance or change in working condition in order to do your job?

Yes ☐   No ☐

If "YES", when? _____   To whom did you make the request?  Provide full name of
person _____   How did you ask (verbally or in writing)? _____

Describe the assistance or change in working condition requested?

4

11.  Are there any witnesses to the alleged discriminatory incidents? If yes, please identify them below and indicate what they will say. Add additional pages if necessary.

NAME                JOB TITLE                ADDRESS & PHONE NUMBER

A. Daniel Dearth      Not there           209 - 570 0177    attached Letter

NAME                JOB TITLE                ADDRESS & PHONE NUMBER

B. Den Gaui Dehn      Foreman             Stockton Steel

NAME                JOB TITLE                ADDRESS & PHONE NUMBER

C. Nicolay Lachanko   Checker             Stockton Steel

12.  Have you filed a charge previously in this matter with EEOC or another agency?   Yes ☐   No ☒

13.  If you have filed a complaint with another agency, provide name of agency and date of filing:

14.  Have you sought help about this situation from a union, an attorney, or any other source?
     Yes ☒   No ☐   - If yes, from whom and when? Provide name of organization, name of person you spoke with and date of contact. Results, if any?   Union ( John Kearnay (Rep) 510-719 3167
     George Sterni  President (209) 598 3374

Please check one of the boxes below to tell us what you would like us to do with the information you are providing on this questionnaire. If you would like to file a charge of job discrimination, you must do so within either 180 or 300 days from the day you knew about the discrimination. The amount of time you have depends on whether the employer is located in a place where a state or local government agency has laws similar to the EEOC's laws. If you do not file a charge of discrimination within the time limits, you will lose your rights. If you want to file a charge, you should check Box 1, below. If you would like more information before deciding whether to file a charge or you are worried or have concerns about EEOC's notifying the employer, union, or employment agency about your filing a charge, you may wish to check Box 2, below.

Box 1

☒ I want to file a charge of discrimination, and I authorize the EEOC to look into the discrimination I described above. I understand that the EEOC must give the employer, union, or employment agency that I accuse of discrimination information about the charge, including my name. I also understand that the EEOC can only accept charges of job discrimination based on race, color, religion, sex, national origin, disability, age, or retaliation for opposing discrimination.

Box 2

☐ I want to talk to an EEOC employee before deciding whether to file a charge of discrimination. I understand that by checking this box, I have not filed a charge with the EEOC. I also understand that I could lose my rights if I do not file a charge in time.

_Joyce Juhn_         11-6-08

**Signature**            **Today's Date**

**PRIVACY ACT STATEMENT:** This form is covered by the Privacy Act of 1974: Public Law 93-579. Authority for requesting personal data and the uses thereof are:

1. FORM NUMBER/TITLE/DATE. EEOC Intake Questionnaire (9/20/08).
2. AUTHORITY. 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 211, 29 U.S.C. § 626, 42 U.S.C. 12117(a)
3. PRINCIPAL PURPOSE. The purpose of this questionnaire is to solicit information about claims of employment discrimination, determine whether the EEOC has jurisdiction over those claims, and provide charge filing counseling, as appropriate. Consistent with 29 CFR 1601.12(b) and 29 CFR 1626.8(c), this questionnaire may serve as a charge if it meets the elements of a charge.
4. ROUTINE USES. EEOC may disclose information from this form to other state, local and federal agencies as appropriate or necessary to carry out the Commission's functions, or if EEOC becomes aware of a civil or criminal law violation. EEOC may also disclose information to respondents in litigation, to congressional offices in response to inquiries from parties to the charge, to disciplinary committees investigating complaints against attorneys representing the parties to the charge, or to federal agencies inquiring about hiring or security clearance matters.
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION. The providing of this information is voluntary but the failure to do so may hamper the Commission's investigation of a charge of discrimination. It is not mandatory that this form be used to provide the requested information.



# CHARGE OF DISCRIMINATION

| | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | 550-2009-00151 |

**California Department Of Fair Employment & Housing** and EEOC

_State or local Agency, if any_

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Joyce Tuhn** | **(209) 922-8613** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **2605 E. Miner Ave. House A, Stockton, CA 95205** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **STOCKTON STEEL** | **Unknown** | |

| Street Address | City, State and ZIP Code |
|---|---|
| **3003 E Hammer Ln, Stockton, CA 95212** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

RECEIVED

FEB 02 2009

EEOC-SFDO

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☒ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN

☒ RETALIATION   ☐ AGE   ☐ DISABILITY   ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
                                    01-24-2009

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent on November 14, 1984. My position title is Journeyman Layout. My supervisors are Derric Juano (male) and John Fitzhugh (male), Foreman. Since approximately May, 2007, I have been subjected to a hostile work environment, in that I have witnessed and have been personally sexually harassed on an ongoing basis by Fitzhugh. For example, Fitzhugh comments on my breasts and makes sexual comments about other employees' girlfriends. Since August, 2008, Fitzhugh has referred to me as his "bitch secretary" on multiple occasions. I have confronted Fitzhugh about his behavior and consequently, he has become increasingly verbally abusive. Although I have also complained to Respondent, no action was taken in response to my complaints.

Respondent has not stated a reason for its actions.

I believe I have been discriminated against because of my Sex (female), and in Retaliation for my participation in protected activities, in violation of Title VII of the Civil Rights Act of 1964, as amended.

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| x 1-28-09   x _Joyce Tuhn_ <br> Date   Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EXHIBIT C

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

|   | | |
|---|---|---|
| **H** | 4000 Stockdale Hwy., Suite 215<br>Bakersfield, CA 93309<br>(661) 395-2729 | |
| **C** | 1320 E. Shaw Avenue, Suite 160<br>Fresno, CA 93710<br>(569) 244-4700 | |
| **R/S** | 611 West Sixth Street, Suite 1500<br>Los Angeles, CA 90017<br>(213) 439-6799 | |
| **M** | 1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2941 | |
| **E** ☒ | 2000 "O" Street, Suite 120<br>Sacramento, CA 95814<br>(916) 445-5523 | |
| **D** | 1350 Front Street, Suite 3005<br>San Diego, CA 92101<br>(619) 645-2681 | |
| **A** | San Francisco District Office<br>1515 Clay Street, Suite 701<br>Oakland, CA 94612<br>(510) 622-2973 | |
| **G** | 2570 North First Street, Suite 480<br>San Jose, CA 95131<br>(408) 325-0344 | |
| **K** | 2101 East Fourth Street, Suite 255-B<br>Santa Ana, CA 92705<br>(714) 558-4266 | |

Date:      February 9, 2009

Case Name:   JOYCE TUHN vs. STOCKTON STEEL

EEOC No:    550-2009-00151

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

No response to the DFEH is required by the respondent.

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

## NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

*Jennifer Harlan*

JENNIFER L. HARLAN

EXHIBIT D

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Joyce Tuhn<br>757 South Hinkley Avenue<br>Stockton, CA 95215 | From: | San Francisco District Office<br>350 The Embarcadero<br>Suite 500<br>San Francisco, CA 94105 |
|---|---|---|---|

☐  On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 550-2009-00151 | Krystal L. Clark,<br>Investigator | (415) 625-5689 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

*Randall* — Michael Baldonado,
District Director

10/29/2010
*(Date Mailed)*

Enclosures(s)

cc:   Howard L. Magee
Attorney At Law
DIVERSITY LAW GROUP
A PROFFESSIONAL CORPORATION
444 S. Flower Street
Los Angeles, CA 90071

# EXHIBIT B

1   HOWARD L. MAGEE (State Bar No. 185199)
    hmagee@diversitylaw.com
2   LARRY W. LEE (State Bar No. 228175)
    lwlee@diversitylaw.com
3   **DIVERSITY LAW GROUP, A Professional Corporation**
    444 S. Flower Street, Suite 1370
4   Los Angeles, California 90071
    (213) 488-6555 telephone
5   (213) 488-6554 facsimile
6
7   Attorneys for Defendants
    Herrick Corporation dba Stockton Steel
8   and John Fitzhugh
9
                    SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN
10
                                      STOCKTON BRANCH
11
12  JOYCE TUHN,                          )   Case No. 39-2011-00256687-CU-OE-STK
                                         )
13           Plaintiff,                  )
                                         )   **ANSWER OF DEFENDANTS HERRICK**
14      vs.                              )   **CORPORATION DBA STOCKTON STEEL**
                                         )   **AND JOHN FITZHUGH TO PLAINTIFF**
15  HERRICK & CO., INC.; HERRICK         )   **JOYCE TUHN'S UNVERIFIED**
    CORPORATION dba STOCKTON STEEL;      )   **COMPLAINT FOR DAMAGES**
16  JOHN FITZHUGH, and DOES 1-25,        )
                                         )
17           Defendants.                 )
                                         )
18                                       )
                                         )   JUDGE: Hon. Barbara Kronlund
19                                       )
20
21
22
23
24
25
26
27
28
                                            1
    ANSWER OF DEFENDANTS HERRICK CORPORATION DBA STOCKTON STEEL AND JOHN
      FITZHUGH TO PLAINTIFF JOYCE TUHN'S COMPLAINT FOR DAMAGES

FILED
SUPERIOR COURT
2011 FEB 24  PM 3:02
ROSA ~~~~~~~~~, CLERK
BY  DOMINIC WILLIS
    DEPUTY

DIVERSITY LAW GROUP
A PROFESSIONAL CORPORATION

1    Defendants Herrick Corporation dba Stockton Steel and John Fitzhugh (collectively, the

2    "Defendants") hereby respond to Plaintiff Joyce Tuhn's ("Plaintiff") Complaint for Damages

3    (the "Complaint") as follows:

4    Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny

5    generally and specifically each and every allegation contained in the Complaint, and further

6    deny that Plaintiff has been injured in the amount or the manner alleged or in any other matter

7    whatsoever.

8    Additionally, Defendants hereby assert the following affirmative defenses as set forth

9    below:

10

11    **FIRST AFFIRMATIVE DEFENSE**

12    (Employment At-Will)

13    1.    As a separate and affirmative defense to Plaintiff's Complaint and each

14    purported cause of action therein and the damages and other remedies sought thereby,

15    Defendants allege that Plaintiff's Complaint and each purported cause of action therein is barred

16    because her employment was at all times terminable at-will.

17

18    **SECOND AFFIRMATIVE DEFENSE**

19    (Failure to State Claim)

20    2.    As a separate and affirmative defense to Plaintiff's Complaint and each

21    purported cause of action therein and the damages and other remedies sought thereby,

22    Defendants allege that Plaintiff has failed to state a claim upon which relief can be granted.

23

24    **THIRD AFFIRMATIVE DEFENSE**

25    (Failure to Mitigate Damages)

26    3.    As a separate and affirmative defense to Plaintiff's Complaint and each

27    purported cause of action therein and the damages and other remedies sought thereby,

28    Defendants allege that if Plaintiff has sustained damages by reason of the allegations of the

DIVERSITY LAW GROUP
A PROFESSIONAL CORPORATION

2

1   Complaint, which allegations are denied, then Plaintiff may not recover for such damages

2   because of her own acts and omissions and because she has failed to properly mitigate any such

3   damages.

### FOURTH AFFIRMATIVE DEFENSE

(After Acquired Evidence)

6       4.    As a separate and affirmative defense to Plaintiff's Complaint and each

7   purported cause of action therein and the damages and other remedies sought thereby,

8   Defendants allege that Plaintiff is barred from recovery in whole or in part to the extent that

9   evidence is discovered after Plaintiff's termination that would have resulted in Plaintiff's

10   termination at a later time.

### FIFTH AFFIRMATIVE DEFENSE

(Worker's Compensation Exclusivity)

13       5.    As a separate and affirmative defense to Plaintiff's Complaint and each

14   purported cause of action therein and the damages and other remedies sought thereby,

15   Defendants allege that if Plaintiff suffered damages by reason of the allegations of the

16   Complaint, which allegations are denied, Plaintiff's exclusive remedy for such damages is

17   governed by the California Worker's Compensation Act, California Labor Code § 3200 *et seq.*

### SIXTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

20       6.    As a separate and affirmative defense to Plaintiff's Complaint and each

21   purported cause of action therein and the damages and other remedies sought thereby,

22   Defendants allege that Plaintiff's Complaint is barred by the applicable statute of limitations,

23   including but not limited to California Government Code §§ 12960 and 12965 and 42 U.S.C. §

24   2000e-5.

### SEVENTH AFFIRMATIVE DEFENSE

(Failure to Utilize Internal Remedies)

28       7.    As a separate and affirmative defense to Plaintiff's Complaint and each

DIVERSITY LAW GROUP
A PROFESSIONAL CORPORATION

**3**

1   purported cause of action therein and the damages and other remedies sought thereby, such

2   claims cannot be maintained against Defendant because Defendant (a) maintained anti-

3   discrimination and anti-harassment policies with a complaint procedure; and (b) Plaintiff

4   unreasonably failed to take advantage of any preventative or corrective opportunities provided

5   by the employer to avoid harm or otherwise.

6

7                              **EIGHTH AFFIRMATIVE DEFENSE**

8            (Failure to Exhaust Administrative Remedies – Outside Scope of Charge)

9        8.      As a separate and affirmative defense to Plaintiff's Complaint and each

10  purported cause of action therein and the damages and other remedies sought thereby,

11  Defendants allege that Plaintiff's Complaint is barred to the extent that any of Plaintiff's claims

12  in the Complaint were not the subject of a charge of discrimination with the California

13  Department of Fair Employment and Housing and/or the U.S. Equal Employment Opportunity

14  Commission.

15                              **NINTH AFFIRMATIVE DEFENSE**

16           (Failure to Exhaust Administrative Remedies – Late Filing of Charge)

17       9.      As a separate and affirmative defense to Plaintiff's Complaint and each

18  purported cause of action therein and the damages and other remedies sought thereby,

19  Defendants allege that Plaintiff's Complaint is barred to the extent that Plaintiff failed to file a

20  charge of unlawful discrimination with the California Department of Fair Employment and

21  Housing and/or the U.S. Equal Employment Opportunity Commission within the requisite time

22  commencing from the date of the alleged unlawful act.

23

24                              **TENTH AFFIRMATIVE DEFENSE**

25                              (Doctrine of Avoidable Consequences)

26       10.     As a separate and affirmative defense to Plaintiff's Complaint and each

27  purported cause of action therein and the damages and other remedies sought thereby,

28  Defendants allege that at all relevant times Defendants exercised reasonable care to prevent and

DIVERSITY LAW GROUP
A PROFESSIONAL CORPORATION

**4**

1 | correct any discriminatory conduct, and that Plaintiff unreasonably failed to take advantage of

2 | any preventative and/or corrective opportunities provided by Defendants or to avoid harm

3 | otherwise.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Constitutional Limits on Punitive Damages)

11.   As a separate and affirmative defense to Plaintiff's Complaint and each purported cause of action therein and the damages and other remedies sought thereby, Defendants allege that Plaintiff's claims for punitive damages are barred by the contract clause (Article I, Section 10, clause 1), the Due Process Clause of the Fifth and Fourteenth Amendment, and the Excessive Fines Clause of the Eighth Amendment to the U.S. Constitution, and the corresponding provisions of the California Constitution.

## TWELTH AFFIRMATIVE DEFENSE

### (Civil Code § 3294)

12.   As a separate and affirmative defense to Plaintiff's Complaint and each purported cause of action therein and the damages and other remedies sought thereby, Plaintiff's demand for exemplary and/or punitive damages is barred in whole or in part by California Civil Code § 3294.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Laches)

13.   As a separate and affirmative defense to Plaintiff's Complaint and each purported cause of action therein and the damages and other remedies sought thereby, Defendants allege that Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

14.   As a separate and affirmative defense to Plaintiff's Complaint and each

**5**

DIVERSITY LAW GROUP
A PROFESSIONAL CORPORATION

1  purported cause of action therein and the damages and other remedies sought thereby,

2  Defendants allege that Plaintiff's claims are barred in whole or in part by the doctrine of

3  estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Waiver)

6       15.    As a separate and affirmative defense to Plaintiff's Complaint and each

7  purported cause of action therein and the damages and other remedies sought thereby,

8  Defendants allege that Plaintiff's claims are barred in whole or in part because they have been

9  waived, released, discharged or abandoned by Plaintiff.

### RESERVATION OF RIGHTS

11      Defendants expressly reserve the right to assert any such additional defenses that may

12  appear and prove applicable during the course of this litigation.

13      Wherefore, Defendants pray as follows:

14      1.   That Plaintiff take nothing by this action;

15      2.   That judgment be entered in favor of Defendants;

16      3.   That Plaintiff's Complaint be dismissed with prejudice as to all Defendants;

17      4.   For costs of suit and attorney's fees incurred by Defendants; and

18      5.   For such other relief as the Court deems just and proper.

20  DATED: February 24, 2011          DIVERSITY LAW GROUP, PC

21                              By:   _Howard L. Magee_
22                                    Howard L. Magee
23                                    Attorneys for Defendants
                                      Herrick Corporation dba Stockton Steel and John
24                                    Fitzhugh

DIVERSITY LAW GROUP
A PROFESSIONAL CORPORATION

**6**

# EXHIBIT C

# SUPERIOR COURT OF CALIFORNIA
### SAN JOAQUIN
### 222 E Weber AVENUE
### Stockton , CA 95202
### (209) 468-2355

## NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

### Case Number: 39-2011-00256687-CU-OE-STK

A Case Management Conference has been scheduled for your case as indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlaying action. Disregard hearing date if that date has expired.

| Hearing: Case Management Conference | Date: 06/21/2011 | | Time: 08:45:00 AM |
|---|---|---|---|
| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
| Hon. Barbara A Kronlund | STOCKTON | 11 | (209) 468-2355 |

[ x ]  ADR Information attached.

## SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**
    See attached ADR packet.

**Ex Parte Matters**
    See attached ADR packet.

**Noticed Motions**
    See attached ADR packet.

**Other Information**
    See attached ADR packet.

Date: 01/18/2011

Grant Preeo

_____ , Deputy Clerk

NOTICE OF CASE ASSIGNMENT AND SCHEDULING INFORMATION AND NOTICE OF HEARING

# COURT SCHEDULE - ATTACHMENT TO NOTICE OF CASE ASSIGNMENT AND NOTICE OF CASE MANAGEMENT CONFERENCE

The following is the scheduling information fo civil cases in the San Joaquin County Court Branches. If the case already has a number you must call and reserve all types of hearings at the appropriate branch.

## TRACY BRANCH - (209) 831-5902

| | |
|---|---|
| CMC (Case Management Conference) | Mondays 8:30 a.m., T-1 |
| LAW & MOTION | Mondays & Tuesdays 8:30 a.m., T-1 |
| EX PARTE | Contact Court |

## LODI BRANCH - (209) 331-2101

| | |
|---|---|
| CMC | Tuesdays 8:15 a.m., L-2 |
| LAW & MOTION | Tuesdays 8:15/8:30 a.m., L-2 |
| EX PARTE | Monday-Friday 1:30 p.m., L-2 |

## STOCKTON BRANCH - (209) 468-2867 (Reservations Only), (209) 468-2933 (General Civil)

| | | |
|---|---|---|
| CMC | Judge Kronlund | Monday - Friday, 8:45 a.m., Dept. 11 |
| | Judge Holland | Monday - Friday, 8:30 a.m., Dept. 13 |
| | Judge Coughlan | Monday - Friday, 8:45 a.m., Dept. 41 |
| | Judge Holly | Monday - Friday, 8:45 a.m., Dept. 42 |
| LAW & MOTION | Judge Kronlund | Tuesday - Friday, 9:00 a.m., Dept. 11 |
| | Judge Holland | Tuesday - Friday, 9:00 a.m., Dept. 13 |
| | Judge Coughlan | Tuesday - Friday, 9:00 a.m., Dept. 41 |
| | Judge Holly | Tuesday - Friday, 9:00 a.m., Dept. 42 |
| EX PARTE | Judge Kronlund | Monday - Friday, 8:30 a.m. & 1:15 p.m. Dept. 11 |
| | Judge Holland | Monday - Friday 8:15 a.m. & 1:15 p.m. Dept. 13 |
| | Judge Coughlan | Monday - Friday 8:15 a.m. Dept. 41 |
| | Judge Holly | Tuesday - Friday, 9:15 a.m. Dept. 42 |

1. You must:

   a. **Serve** all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (CRC 3.110)

   b. **File and serve** a completed Case Management Conference Statement (use of JC form CM-110 is mandatory) at least 15 days before the Case Management Conference.

   c. **Meet and Confer**, in person or by telephone, to consider each of the issues identified in CRC 3.727 no later than 30 calendar days before the date set for the Case Management Conference. CRC 3.724.

   d. **Collection cases** are managed pursuant to CRC 3.740.

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call CourtCall, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website at www.stocktoncourt.org for more information regarding civil cases, local rules and forms.

(01/11)

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number): | COURT USE ONLY |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN**

☐LODI Branch  ☐ MANTECA Branch  ☐ TRACY Branch  ☐STOCKTON Branch
315 W. Elm St.  315 E. Center St.  475 E. 10ᵗʰ St.  222 E. Weber Ave.
Lodi, CA 95240  Manteca, CA 95336  Tracy, CA 95376  Stockton, CA 95202

Plaintiff(s)/Petitioner(s):

Defendant(s)/Respondent(s):

Case Number:

# STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Pursuant to California Rules of Court §3.726 the parties stipulate that all claims pursuant in this action shall be submitted to (select one):

☐Voluntary Mediation

☐Non-Binding Judicial Arbitration CCP 1141.12

☐Binding Arbitration (private)

☐Other (specify):

_____

_____

Case Type: _____

Is the Neutral you selected listed on the Court's Panel of Mediators?  ☐ Yes   ☐ No

Neutral's name and telephone number: _____ /(_____)_____

Date/Time of ADR Session: _____/_____a.m./p.m.   Location of ADR Session: _____

Identify by name the parties to attend the ADR session:

_____

_____

_____

**Attorneys signing on behalf of their client(s) have been given the authority to stipulate to ADR.  Original signatures required.**

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent

_____
(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent

_____
(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent

_____
(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent

_____
(Signature)
Attorney or Party without attorney

## IT IS SO ORDERED:  Dated:_____

_____
Judge of the Superior Court

**An ADR Review Hearing is scheduled for _____at _____a.m/p.m. in Dept. No. _____.**

In the event that the case is resolved and a dismissal-entire action, a notice of settlement or judgment is on file 5 days before the hearing, the ADR Hearing will be dropped and all appearances will be excused.

STIPULATION AND ORDER TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR)

Sup Crt 441 (12/08)

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional):*

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:          Div.:          Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint   ☐ cross-complaint   *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2009]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☐   days *(specify number):*
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☐   The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply):*
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify):*

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
Status:

**14. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**CASE MANAGEMENT STATEMENT**

CM-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____      ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____      ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**CASE MANAGEMENT STATEMENT**



**CIVIL
MEDIATION
PROGRAM**

Superior Court of
San Joaquin County
222 E. Weber Avenue
Room 303
Stockton, Ca 95202
(209)468-2878
(209)468-8576 fax
www.stocktoncourt.org

# *Civil Mediation Program*

The Civil Mediation Program is a voluntary court-connected program designed to deliver high-quality affordable mediation services to attorneys and litigants in general civil cases. Mediation gives litigants a voice in settlement decisions and thereby allows them to play a more direct role in managing the outcomes of their own cases.  The Superior Court of California, County of San Joaquin, is pleased to offer this important and valuable option for resolution of litigation.

## What is mediation?

Mediation is an informal, confidential, flexible and non-binding process in which an impartial person called a "mediator" helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to:

- communicate better,
- explore legal and practical settlement options, and
- reach an acceptable solution of the dispute.

The mediator does not decide the dispute, but helps the parties communicate so they can try to settle the dispute themselves. **Mediation leaves control of the outcome with the parties.**

## Why mediate?

- Mediation is a voluntary, confidential process.
- Mediators do not give legal advice and will not judge you on your case.
- Mediation could SAVE you TIME and MONEY, if it is used early.
- Mediation reduces conflict and hostility, whereas trials may increase these feelings.
- Mediation provides high satisfaction with results, because you participate and express your personal interests and concerns.

## Which cases qualify for Mediation?

All types of general civil cases qualify and may benefit from the mediation process.  Parties may request or stipulate to mediation at any point in the case.

## Who are the Mediators?

Mediators are experienced attorneys who have completed a Court-approved formal mediation training program.  Please contact the Civil Mediation Program Manager or visit the court's website for a list of approved mediators.

**Parties mutually agree on a mediator and schedule the mediation session directly with the mediator.**  If you would like a copy of the San Joaquin County Superior Court's Civil Mediation Panelist List, you may visit the Court's website at www.stocktoncourt.org or contact the Program Manager at (209)468-2878 or sbohrer@courts.san-joaquin.ca.us.

## What are the program procedures? (please refer to Local Rule 3.125 for more detailed procedures)

Payment
The Civil Mediation Program is a voluntary, market rate program. Fees are generally hourly and split equally among the parties. Mediators should be contacted regarding other charges and fee policies. For those parties who might have difficulty paying for mediation services, financial assistance is available through the program after an income-based screening is completed.

Stipulations

In accordance with *Local Rule 3.125H* all parties going to mediation must complete a Stipulation and Order to ADR form and file it at the Clerk's Office. An original and a copy for the court's use shall be submitted. There is no filing fee for the filing of the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office.

**If filing the Stipulation Prior to an Initial Case Management Conference**
To stipulate to mediation prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 120 days from the current date to allow time for the mediation process to be completed.

**If filing the Stipulation Following a Case Management Conference**
When parties come to an agreement at a case management conference to utilize mediation, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 3.125C.1.*].

Post-Mediation Session Evaluations
*Local Rule 3.125H.1.* requires submission of *Post-Mediation Evaluations* within 10 days of completing any court-connected mediation session regardless of the outcome of the case mediated. Evaluations are to be completed by attorneys and clients. A copy of the Attorney Post-Mediation Survey and Client Post-Mediation Survey are attached to the Civil Mediation Panelist List or can be found on the court's website. Completed evaluations shall be returned to the Project Manager.

## For further information, please contact:

- Stephanie Bohrer, Civil Mediation Program Manager, at 209/468-2878 or sbohrer@courts.san-joaquin.ca.us
- The Court website at www.stocktoncourt.org